IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SIDRA BARKLEY, Individually and on Behalf of all Others similarly situated,**

    Plaintiff,

v.                                    **CASE NO: 5:22-cv-00062-MW-MJF**

**DIVERSIFIED MAINTENANCE SYSTEMS, LLC, a foreign for profit Corporation,**

    Defendant.

## JOINT MOTION FOR REVIEW AND APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff SIDRA BARKLEY ("Plaintiff") and Defendant DIVERSIFIED MAINTENANCE SYSTEMS, LLC ("Defendant") file this Joint Motion for Review and Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. This is an action filed under The Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for unpaid overtime wages allegedly due and owing to her and those similarly situated. Defendant denies Plaintiff's allegations and disputes the validity of the claims, including filing a Motion to Dismiss.[1]

---
[1] Doc. 13.

1

2. The Parties have reached a resolution of this matter and entered into a settlement agreement. Because of the nature of the Plaintiff's claims under the FLSA, the settlement agreement requires Court approval in order to become effective. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

3. To avoid the uncertainties of litigation and the attorney's fees associated with this type of action, the Parties negotiated a resolution of the matter. Importantly, throughout the entirety of the resolution process, Plaintiff and the Opt-in Plaintiffs were represented by counsel. Defendant was also represented by counsel throughout this process.

4. After careful review and analysis of relevant documents and information, the Parties reached an agreement to fully resolve and settle all of the claims asserted by Plaintiff and the Opt-in Plaintiffs against Defendant. The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff and the Opt-In Plaintiffs[2] are receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorney's fees and costs, which were negotiated and agreed upon separately from the sums Sidra Barkley and Tarrance Ellis are receiving.

---

[2] Lasaunia Williams withdrew her Consent to Join on May 20, 2022 (Doc. 14), leaving Tarrance Ellis as the only Opt-In Plaintiff.

5. The settlement agreement ("Agreement") is attached hereto as **Exhibit A**.

6. Accordingly, the Parties jointly request that the Court review the Parties' Agreement, enter an Order approving the Agreement, with the Court retaining jurisdiction to enforce the terms of the Agreement.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute..." *Id.*

at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See, e.g., Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *adopted by* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.*

As set forth in the Agreement, Defendant has agreed to pay Sidra Barkley $3,796.92, and Tarrance Ellis $2,183.95, in consideration to resolve their claims for alleged unpaid wages. Plaintiff and Ellis are not receiving liquidated damages in addition to their alleged unpaid back wages because Defendant has a good-faith basis to believe that the automobile allowance constitutes wages pursuant to the FLSA, and that the weekly salary basis test has been met.

Defendant denies the Plaintiffs' allegations and contends that Plaintiff and

Ellis were, in fact, paid properly for all hours worked. Plaintiff, Ellis, and Defendant have engaged in the exchange of documents and pay records and engaged in discussions regarding these records in an effort to resolve the matter.

The Parties submit that the settlement amount agreed upon is fair and reasonable given the existence of complex, disputed legal and factual issues involving the Plaintiffs' claims, including whether Defendant owed any relief at all under the FLSA. The Parties recognize that, among these disputes, proof of the number of hours worked by Plaintiffs would entail substantial time, effort, and expense, and present significant risks for Plaintiffs.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by the Parties following significant exchange of information and discussion between counsel to reach this Agreement. To this end, the Parties have at all times been represented by competent counsel experienced in the litigation of FLSA and employment claims, and the Parties' Agreement represents a reasonable compromise of the claims in this case in light of the amounts Plaintiff and Ellis arguably could have recovered and the various defenses Defendant has raised in opposition to their claims. *See Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

5

Separately, Defendant has agreed to pay $9,952.00 to resolve all of Plaintiff and Ellis's claims for attorneys' fees and costs. This amount was negotiated separate from and without regard to the amount paid to Plaintiff and Ellis to settle their alleged FLSA claims. Counsel for the Parties represent that the foregoing amount is reasonable.

In conclusion, based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount the Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. The Parties therefore respectfully submit that the Parties' Settlement should be approved by the Court consistent with *Lynn's Food,* 679 F.2d at 1353.

**WHEREFORE,** Plaintiff and Defendant respectfully request that the Court find the attached Settlement Agreement to be fair and reasonable, that the Court enter an Order approving the Agreement, while retaining jurisdiction to enforce the terms of the Agreement.

Respectfully submitted this 21st day of June 2022.

| FELDMAN LEGAL GROUP | FISHER & PHILLIPS, LLP |
|---|---|
| *s/Mitchell L. Feldman* | *s/Michelle I. Anderson* |
| MITCHELL L. FELDMAN, ESQ. | MICHELLE I. ANDERSON, ESQ. |
| Florida Bar No.: 0080349 | Florida Bar No. 0040585 |
| FELDMAN LEGAL GROUP | BRETT P. OWENS, ESQ. |
| 6916 W. Linebaugh Ave. #101 | Florida Bar No. 0112677 |
| Tampa, Florida 33625 | FISHER & PHILLIPS, LLP |
| Telephone: (813) 639-9366 | 101 East Kennedy Blvd., Suite 2350 |
| Facsimile: (813) 639-9376 | Tampa, Florida 33602 |
| Email: | Telephone: (813) 769-7500 |
| mfeldman@flandgatrialattorneys.com | Facsimile: (813) 769-7501 |
| | Email: |
| *Counsel for Plaintiff* | manderson@fisherphillips.com |
| | Email: bowens@fisherphillips.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I certify that on this 21st day of June 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> Mitchell L. Feldman, Esq.
> FELDMAN LEGAL GROUP
> 6916 W. Linebaugh Ave. #101
> Tampa, Florida 33625
> mfeldman@flandgatrialattorneys.com

*s/Michelle I. Anderson*
Michelle I. Anderson, Esq.

7